IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ELMON M. ELMORE JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-014 |
| | ) | |
| SHAWN EMMONS, sued in his | ) | |
| official capacity as Warden, Johnson | ) | |
| State Prison, and DR. MICHAEL SEWART, | ) | |
| sued in his official capacity as Medical | ) | |
| Director, Johnson State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville,

Georgia, filed the above captioned case pursuant to 42 U.S.C. § 1983, and is proceeding *pro*

*se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must

be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th

Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.      SCREENING OF THE COMPLAINT

Plaintiff names as Defendants Shawn Emmons, Warden of JSP, and Dr. Michael

Sewart, Medical Director of JSP. (See doc. no. 1, p. 1.) Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as

follows.

Plaintiff is incarcerated at JSP and is serving a life sentence. (Id. at 7.) Plaintiff was diagnosed with severe degenerative osteoarthritis in both hips by two orthopedic surgeons who recommended a bilateral total hip arthroplasty. (Id. at 10, 15.) As a result of his medical condition, Plaintiff alleges he can barely walk, and his degenerative hip pain has significantly and adversely impacted his daily life. (Id. at 10.) Plaintiff further alleges Defendants have evidence revealing the severity of his condition, but have intentionally delayed or failed to provide Plaintiff with the needed surgery for the past three years. (Id. at 11.) Instead of providing the required surgery or pain-relieving hydrocortisone injections, Defendants have only given Plaintiff "Tylenol Three and Neurontin," which Plaintiff alleges have not alleviated his pain. (Id. at 10.) Plaintiff asserts that if left untreated, his condition will cause permanent injury and disfigurement. (Id. at 12.) In his request for relief, Plaintiff asks for an injunction requiring Defendants to provide him with surgery. (Id. at 14.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a claim for deliberate indifference against Defendants for a delay in medical treatment. See Farmer v. Brennan, 511 U.S. 825, 834-39; McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) ("[A] prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay . . . is relevant in determining what type of delay is constitutionally intolerable.") Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding a six hour delay in treatment for a broken foot was sufficient to state a constitutional claim).

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants. The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendants waive formal service of the summons. [1]  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been

---

[1] The Court **DENIES AS MOOT** Plaintiff's motion for a "disposition order." (Doc. no. 5.)

properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have

the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any

material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

From the date that Defendants file their first responsive pleading, they shall have fourteen additional days to file briefs in opposition to Plaintiff's outstanding motions. (Doc. nos. 3, 4, 10.)

SO ORDERED this 26th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA