IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ELMON M. ELMORE JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-014 |
| | ) | |
| SHAWN EMMONS, sued in his | ) | |
| official capacity as Warden, Johnson | ) | |
| State Prison, and DR. MICHAEL SEWART, | ) | |
| sued in his official capacity as Medical | ) | |
| Director, Johnson State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville,

Georgia, filed the above captioned case pursuant to 42 U.S.C. § 1983, and is proceeding *pro*

*se* and *in forma pauperis* ("IFP"). Before the Court are Plaintiff's motions for a Rule 35

medical examination, for the appointment of counsel, for the Clerk of Court to return

Plaintiff's copy of the filing package, and to strike Defendants' waiver of reply. (Doc. nos.

4, 10, 13, 20.) As explained *infra*, Plaintiff's motions are **DENIED**.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such

as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of

counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see

also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional

circumstances justified appointment of counsel where suspect conduct of prison officials

hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, although Plaintiff alleges he is indigent, untrained in the law, and that the medical issues in the case are complex, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. (Doc. no. 10); Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court, present the merits of his case, and file relevant motions. Plaintiff is no stranger to the legal process, and has filed a *pro se* case in the Southern District before. See Elmore v. Cooper, CV 508-004 (S.D. Ga. 2008). Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 10.)

Plaintiff requests the Court order a physical examination of Plaintiff by an orthopedic specialist pursuant to Fed. R. Civ. P. 35(a)(1), which provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (Doc. no. 4.) However, Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Hampton v. Peebles, No. 6:14-CV-104, 2016 WL 4487912, at *2 (S.D. Ga. June 9, 2016) ("No civil litigant, even an indigent one, has a legal right to such aid."). Instead, Rule 35 allows the Court to order a party to submit to a physical examination at the request of an opposing party. Id.

2

Federal courts have summarily denied requests by plaintiffs seeking similar court orders. See, e.g., Kruitbosch v. Van De Veire, No. 91-4200, 1992 WL 313121, at *1 (10th Cir. 1992) (affirming district court's refusal to provide plaintiff with independent medical examination because Federal Rule 35(a) does not give district courts authority to order independent medical examinations at state expense); Shanton v. Detrick, 826 F. Supp. 979, 981 (N.D. W.Va. 1993) ("Upon examination of the Plaintiff's Motion or Request for Medical Examination, the Court advises Plaintiff that it is not a role of this Court to Order a medical examination for a litigant in an action such as this."). Consequently, Plaintiff is not entitled to an independent medical examination of himself by an independent orthopedic specialist and the Court **DENIES** the motion. (Doc. no. 4.)

In Plaintiff's motion for the Clerk of Court to return Plaintiff's copies of his filings, Plaintiff alleges he sent the Clerk's office an extra copy of his filings, requesting that the extra copies be returned to Plaintiff after they were stamped "filed." (Doc. no. 13, p. 2.) In Plaintiff's attachments to his motion, the Clerk's office noted it did not return Plaintiff's copies because Plaintiff did not send a return envelope with return postage. (Id. at 5.) Because Plaintiff did not send a return envelope with return postage, the Clerk's office was not obligated to return Plaintiff's copies. However, as a one-time courtesy, the Court **DIRECTS** the **CLERK** to include a copy of all Plaintiff's filings and attachments to his service copy of this Order. (Doc. nos. 1, 3, 4, 5, 10, 13, 20, 23.) Accordingly, the Court **DENIES AS MOOT** Plaintiff's motion. (Doc. no. 13.)

Because the Court has ordered Defendants to file a response to Plaintiff's complaint by August 31, 2016, and the docket indicates Defendants have responded, (doc. nos. 26, 27)

the Court **DENIES AS MOOT** Plaintiff's motion to strike Defendants waivers of reply. (Doc. no. 20.)

SO ORDERED this 2nd day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA